PETER QUINN <i>v.</i> JOHN O'GARA.

To call a man a "thief," is not necessarily actionable, when it is apparent, from the circumstances under which the words are spoken, that they are not intended nor understood to be used in a sense importing a felony.

In an action for slander, it is not a sufficient ground for recovery, that if the words were true, the plaintiff could be subjected to a criminal prosecution. They must also impute moral turpitude, or something infamous or disgraceful in a general sense, there being provisions in our statutes authorizing criminal proceedings and punishments by fine, for acts not in themselves derogatory to the reputation of the delinquent.

THIS was an action for slander, and came up on an appeal from a judgment against the defendant, upon the verdict of a jury, in the Marine Court. The point decided arose upon the charge of the justice, and is stated, with the evidence relating thereto, in the opinion.

*Jacob I. Radcliff* and *David P. Whedon*, for the appellant.

*James Moncrief* and *John H. McCunn*, for the respondent.

BY THE COURT. DALY, J.—The justice charged, that it was incumbent upon the plaintiff to show that the defendant had spoken words of and concerning him, which, if true, would subject him to a criminal prosecution. This, at least, was a very loose way of stating the general rule for ascertaining whether words be actionable or not, which is, that they must *impute a crime involving moral turpitude*, for which the offender might be proceeded against by indict-

ment. (*Young* v. *Miller*, 3 Hill, 22.) The test is not whether what is imputed would subject the party to a criminal prosecution, but whether an indictable offence has been imputed involving moral turpitude, or, at farthest, which is infamous and disgraceful, in a general sense, detracting from the character of the offender as a man of good morals. (See the opinion of Justices BRONSON and COWEN in the case cited.) There are many acts for which a man, under our statutes, may be subject to a criminal prosecution, and punished by fine, which do not involve moral turpitude, and would not be regarded as either infamous or disgraceful, in a general sense.

After this loose direction to the jury, the justice then proceeded to say, that if the jury believed that the defendant called the plaintiff a rogue, a scoundrel, and a thief, then the plaintiff was entitled to recover. The only epithet here that could be actionable was that of thief, and that depended altogether upon whether it was used in a felonious sense. There was sufficient in the testimony to render it very doubtful whether it was so employed, or whether any thing further was intended by its use, than to impute to the plaintiff the charging in his bill for services which had not been rendered. When the plaintiff's witness, in reply to the question, Did the defendant refer to the bill when he called the plaintiff a thief, answered that he did, and that he believed that he meant the bill; that all the conversation referred to the bill; and the whole of the defendant's testimony being to the same effect, it was clearly the duty of the justice, even without any request from the defendant, to draw the jury's attention to a distinction upon which the whole cause of action depended, and to tell them that if the word thief, though capable of a felonious signification, was neither used by the defendant, nor understood by the by-standers, as charging the plaintiff with having been guilty of larceny, then the verdict should be for the defendant. His refusal to charge to this effect, when requested, was clearly erroneous.

*Judgment reversed.*